IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-170 |
| | ) | (VARLAN/SHIRLEY) |
| JOHN L. PENNINGTON, | ) | |
| also known as "RED," | ) | |
| ROY GIBSON, and | ) | |
| LARRY LIST, | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Gibson's Motion to Dismiss [Doc. 73], alleging that the indictment violates the statute of limitations. The Court has granted [Doc. 99] Defendant List's request to join in this motion. The parties appeared for a motion hearing on February 10, 2005. Assistant United States Attorney Hugh B. Ward, Jr., was present representing the government. Attorney Joe Costner represented Defendant Gibson, who was also present. Attorneys Ralph Harwell and Tracy J. Smith were present representing Defendant List, who was present. The Court notes that Defendant Pennington, who has not joined in this motion, was also present and represented by Attorneys Jeffery Daniel and Richard Gaines. At the conclusion of the hearing, the Court took the motion

1

under advisement.

The defendants are charged in count one of the Superseding Indictment [Doc. 88], with conspiracy to distribute and to possess with intent to distribute one thousand kilograms or more of marijuana and five kilograms or more of cocaine from January 1, 1999, to November 16, 2004. This is the only count of the indictment involving Defendant Gibson. Defendant List is also charged in count six with attempting to possess with intent to distribute over five hundred grams of cocaine and, in count seven, with possessing a firearm in connection with a drug trafficking crime, both of which are alleged to have occurred on November 20, 2001. The Court notes that counts six and seven were formerly counts two and three in the original indictment [Doc. 1]. The Court observes that these two counts were also the subject of a prior indictment in case number 3:03-CR-60, which was dismissed on December 6, 2004.

## ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. Amend. V. The defendants calls [Doc. 73] for the dismissal of the indictment because the portion of the conspiracy alleged to have occurred from January 1, 1999, to November 16, 1999, falls outside of the five-year statute of limitations applicable in this case. The government argues [Doc. 85] that the five-year period within which a prosecution must commence begins with the last overt act in furtherance of the conspiracy. At the February 10 hearing, the government maintained that whether a portion of the conspiracy was barred by the statute of limitations is a matter for the trial court to decide. It claimed that once it shows a conspiracy at

2

trial, the conspiracy is presumed to continue, and that the defendant may then raise his withdrawal from the conspiracy as an affirmative defense. Defendant List rejected the government's argument on the burden, contending that the government must prove that the acts constituting the alleged conspiracy come within the terms of the indictment.

As noted above, all three defendants are charged in count one of the Superseding Indictment [Doc. 88], with conspiracy to distribute and to possess with intent to distribute one thousand kilograms or more of marijuana and five kilograms or more of cocaine from January 1, 1999, to November 16, 2004. Additionally, Defendant Pennington is charged in counts two through five with engaging in financial transactions with drug proceeds in July, August, October, and November 2000. Finally, Defendant List is charged in counts six and seven, both of which are alleged to have occurred on November 20, 2001. The original indictment [Doc. 1] in this case (3:04-CR-170) was filed on November 16, 2004. The Superseding Indictment [Doc. 88] was filed on February 1, 2005.

The statute of limitations within which a noncapital offense must be prosecuted is five years after the commission of the offense. 18 U.S.C. § 3282. As a general rule, "the date of the last overt act in furtherance of the conspiracy alleged in the indictment begins the clock for purposes of the five-year statute of limitations." United States v. Smith, 197 F.3d 225, 228 (6th Cir. 1999). In other words, only the last overt act in furtherance of the conspiracy must come within the five-year period.

The fact pattern in Smith well illustrates this point. In Smith, the defendants were charged with conspiracy to defraud insurance companies from February 1989 to May 8, 1992. Id. at 227. The indictment listed a number of staged accidents as overt acts, the last of which

3

occurred on January 17, 1992. Id. Counts two through five of the indictment listed substantive mail and wire fraud violations and listed continuing communications with insurance companies until May 8, 1992. Id. The defendants argued that the indictment must be dismissed because the last staged accident occurred on January 17, 1992, more than five years before the indictment was returned on February 4, 1997. The Sixth Circuit held that because the last overt act–the communications with insurance companies–occurred on May 8, 1992, the indictment "was filed approximately four months within the five-year limitations period." Id. It concluded that a reading of the indictment as a whole gave notice that the conspiracy lasted until May 8, 1992. Id. at 228.

The application of this rule to alleged drug conspiracies can be problematic because the government is not required to allege or prove an overt act in furtherance of a drug conspiracy. See United States v. Nelson, 922 F.2d 311, 317-18 (6th Cir. 1990). In the present case, Defendant Gibson attempts to count back five years from the alleged end of the conspiracy to exclude any acts occurring from January 1, 1999, to November 16, 1999. Instead, as Smith illustrates, the bulk of the conspiracy can be outside of the five-year-period as long as the last overt act is alleged to have occurred within five years of the filing of the indictment. Unlike the indictment in Smith, the present conspiracy charge lists no overt acts. On the other hand, like the indictment in Smith, the Superseding Indictment taken as a whole lists overt acts occurring within the five-year period. Counts two through five allege that in July, August, October, and November 2000, Defendant Pennington conducted or attempted to conduct financial transactions, which involved the proceeds of illegal drug distribution in violation of the statutes governing distribution and conspiracy. In other words, these financial transactions with

4

proceeds from the conspiracy were overt acts in furtherance of the conspiracy, and all four of them are alleged to have occurred within five-years of the filing of the Superseding Indictment on February 1, 2005.[1] Thus, the Court finds that as a matter of law, the Superseding Indictment does not violate the statute of limitations in this case.

At the February 10, 2005 motion hearing, Defendant List argued that his participation in the conspiracy, if any, ended in 1999 and is outside of the five-year period. The Court perceives this to be a factual issue that must be determined at trial. The Court has made a legal finding that the conspiracy alleged in the indictment comes within the five-year statute of limitations. The government must still prove the existence of the conspiracy at trial. Showing that a defendant withdrew from a conspiracy is an affirmative defense, for which the Sixth Circuit places the burden on the defendant. United States v. Payne, 962 F.2d 1228, 1234 (6th Cir. 1992); United States v. Lash, 937 F.2d 1077, 1083 (6th Cir.), cert. denied, 502 U.S. 949 (1991). Despite this Court's legal finding that the alleged conspiracy is within the limitations period, the defendant may attempt to show as a factual matter at trial that he withdrew from the conspiracy more than five years from his indictment on these charges. Accordingly, the Court recommends that the District Court deny the Motion to Dismiss [Doc. 73] at the present time.

---

[1] The Court notes that the filing date of a superseding indictment relates back to the filing date of the original indictment for purposes of the statute of limitations if the superseding indictment does not broaden the charges in the original indictment. Smith, 197 F.2d at 228. "Notice to the defendants of the charges, so that they can adequately prepare their defense, is the touchstone in determining whether a superseding indictment has broadened the original indictment." Id. at 229. In the present case, because the last overt act alleged in the Superseding Indictment–Defendant Pennington's financial transaction in November 2000–still comes within the five-year period from the filing of the Superseding Indictment on February 1, 2005, the Court does not need to address whether the Superseding Indictment broadened the original indictment.

## CONCLUSION

For the reasons set forth herein, the Court **RECOMMENDS** that Defendant Gibson's Motion to Dismiss [**Doc. 73**] alleging a violation of the statute of limitations be **DENIED**.[2]

Respectfully submitted,

___s/ C. Clifford Shirley, Jr.___
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be filed with the clerk of the court within ten (10) days of receipt of this notice. Such objections must conform to the requirements of Rule 72(b), Fed. R. Civ. P. Failure to file objections within the specified time waives the right to appeal the district court's order. See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).